UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ALBERT WILLIAMS,

                        23-cv-1670 (PAC)

                *Plaintiff*,

    -against-                       **ORDER**

THE CITY OF NEW YORK, UNDERCOVER R.,
and POLICE OFFICERS JOHN DOE #1–8,

                *Defendants*.
------------------------------------------------------------------x

On February 28, 2023, Plaintiff Albert Williams ("Williams") commenced the instant action against the City of New York ("City"), "Undercover R.", and Police Officers John Doe #1–8. Williams alleges that Undercover R. and Police Officers John Doe #1–8 (all belonging to the New York City Police Department's Bronx Narcotics Unit) arrested and beat him after he refused to sell narcotics to an undercover police officer. *See generally* Compl., ECF No. 1. He brings claims pursuant to 42 U.S.C. § 1983 against the officers for, *inter alia*, excessive force, false arrest, and racial discrimination stemming from the incident and his subsequent injuries. *Id.* Williams also brings claims against the City pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) and the New York state constitution for the City's alleged pattern and policy of excessive force and racial discrimination in the Bronx Narcotics Unit. *Id.*

On June 16, 2023, the City requested a pre-motion conference in anticipation of a forthcoming motion to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Def. Letter, ECF No. 18.[1] Williams responded that he intends to amend his

---

[1] The Court granted the City's request, raised in the same letter, to extend the time for Undercover R. to answer until July 20, 2023. *See* ECF No. 17.

Complaint as a matter of course to include the identities of Does 1–8, *see* Fed. R. Civ. P. 15(a)(1)(B), obviating the need for any dispositive briefing regarding the original Complaint. *See* Pl.'s Letter, ECF No. 21.[2] The City does not object to Williams' amendment request.

In the same letter, Williams also notified the Court that the parties were "at an impasse as to the names of the undercover officers involved" in Williams' lawsuit. *Id.* at 1. Specifically, Williams asks that the Court intervene and compel the City to disclose the identity of two undercover officers—identified by the City as U.C. 382 and U.C. 420—involved in the incident to unearth the officers' disciplinary, litigation, and CCRB history for use in Williams' amended complaint. The City contends that Williams' request is untimely, and that the actively-undercover officers' identities are protected by the law enforcement privilege. For the reasons stated below, Williams' request is **DENIED**.

Neither the Federal Rules of Civil Procedure nor Local Rule 83.10[3] permit Williams to seek discovery, at this juncture, for the purposes of factually packing his *Monell* claim against the City in a future amended complaint. *See* Fed. R. Civ. P. 26(d)(1), Local Rule 83.10(d),(e). While good cause may justify expediting discovery in limited circumstances, *see, e.g.*, *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005), Williams' desire to conserve the parties' and Court's resources by obviating the (potential) need for a second amended complaint is inadequate. *See* 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*

---

[2] Williams has not yet amended his Complaint.

[3] Certain Section 1983 claims brought against the City—including Williams' claim—are subject to the comprehensive case management plan established in the Southern District of New York's Local Rule 83.10. *See generally* Local Rule 83.10; *see also* Civil Docket Entry, ECF No. 7 (notice of participation in Local Rule 83.10). This includes Local Rule 83.10(d) and (e), which provide that much of the information Williams ultimately seeks about the undercover officers will be disclosed within 28 days after the first defendant files its answer. *See id.* 83.10(d), (e). The City intends to comply with Local Rule 83.10 and disclose the undercover officer's disciplinary records, when appropriate, during discovery. *See* Def. Opp'n Letter at 3, ECF No. 22.

§ 2046.1 (3d ed. 2011) (suggesting that good cause for relief from discovery moratorium is appropriate in "cases involving requests for a preliminary injunction or motions challenging personal jurisdiction."). Williams further maintains that his *Monell* claim is adequately pled pre-amendment, *see* Pl.'s Letter at 2 n.1, effectively conceding an absence of good cause.

The Court likewise sees no reason to deviate from the efficient and expeditious discovery procedures Local Rule 83.10 establishes. Local Rule 83.10 was developed through the extensive efforts of a working group of District judges, New York City Law Department lawyers, and experienced Section 1983 litigators and underwent a successful trial period and an opportunity for interested parties to comment. *See Elliot v. City of New York*, 20 Civ. 702 (NRB), 2020 WL 6782046, at *1 (S.D.N.Y. Nov. 18, 2020). Indeed, one of the rule's "core goals" is "to encourage a fast and efficient discovery process." *Id.* at *2. Williams has failed to demonstrate a need that justifies circumventing the discovery schedule created by Local Rule 83.10.

## CONCLUSION

Williams' request for compelled disclosure of U.C. 382 and U.C. 420's identities is **DENIED** without prejudice as premature. As such, the Court declines to address the potential application of the law enforcement privilege to U.C. 382 and U.C. 420.

Williams' request that his amended complaint be due 30 days after the Court's resolution of the undercover issue is **GRANTED**. Williams is directed to file his amended complaint by August 14, 2023. The City may renew its request for a pre-motion conference if it seeks to dismiss the amended complaint.

Dated: New York, New York  
July /2, 2023

SO ORDERED

*[signature]*

HONORABLE PAUL A. CROTTY  
United States District Judge

3